[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15995
Non-Argument Calendar

_____

BIA No. A98-735-014 & A98-135-015

CESAR AUGUSTO HERNANDEZ MONCADA,
GINA ASTRID GUEVARA ALFONSO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 31, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Cesar Hernandez Moncada and his wife Gina Alfonso, proceeding pro se,

seek review of the Board of Immigration Appeals's ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") removal order and denial of their applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).

Because the BIA did not adopt the IJ's decision, we review only the BIA's decision in this case. *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's legal conclusions de novo and the BIA's factual findings under the substantial evidence test. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). "Under the substantial evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1027. Therefore, the fact that evidence in the record may support a conclusion contrary to the administrative findings is not enough to justify a reversal, rather, reversal is only appropriate where the record "compels" it. *Id.*

I.    **Asylum and Withholding of Removal**

Moncada argues that the BIA erred when it denied his applications for asylum and withholding of removal on the ground that he had not suffered past persecution. Moncada must show that the evidence "was so compelling that no

reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84, 112 S. Ct. 812, 817, 117 L. Ed. 2d 38 (1992).

"Although the INA does not define persecution, we have often repeated that persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sanchez-Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1232 (11th Cir. 2007) (internal quotation marks omitted). The petitioner does not, however, need to have suffered serious physical injury when there are physical threats combined with other forms of mistreatment such as kidnapping or attempted murder. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1009 (11th Cir. 2008). Moreover, "[i]n determining whether an alien has suffered past persecution, the [BIA] must consider the cumulative effects of the [allegedly persecutory] incidents." *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861 (11th Cir. 2007) (per curiam). Additionally, we "may consider a threatening act against another as evidence that the petitioner suffered persecution where that act concomitantly threatens the petitioner." *De Santamaria*, 525 F.3d at 1009 n.7.

We are compelled to conclude that Moncada suffered past persecution in light of the cumulative effect of his encounters with the Revolutionary Armed Forces of Colombia ("FARC"). He was repeatedly threatened over the course of

3

more than four years, chased by a vehicle containing armed gunmen who shot at him, and his brother was kidnapped and physically mistreated. Accordingly, we grant the petition as it relates to the BIA's denial of Moncada's applications for asylum and withholding of removal. Because, however, the BIA did not address whether there was a nexus between the persecution and a protected ground, we remand the case for the BIA to determine whether Moncada is now entitled to relief.

## II.    CAT Relief

Moncada contends that he is entitled to CAT relief because he is subject to being tortured by the FARC, and the Colombian government is unable to control the FARC.

To be entitled to relief under CAT, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). The alien must also demonstrate that the feared torture would be by the government or with the government's acquiescence, i.e., the government is aware of misconduct that it has a duty to prevent and fails to intervene. *Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007) (per curiam).

Moncada is not entitled to CAT relief. After the police became aware of Moncada's trouble with the FARC, it investigated, advised him concerning how to

4

protect his safety, monitored his telephone, and determined the area from which one of the telephone threats against Moncada had originated. Therefore, the Colombian government did not acquiesce in the FARC's misconduct. Accordingly, substantial evidence supports the BIA's denial of CAT relief, and we deny the petition as it relates to this claim.

**PETITION GRANTED IN PART AND DENIED IN PART.**